UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **LAFRENIERE MORRIS** | : | **DOCKET NO. 5:22-cv-04145** |
| **VERSUS** | : | **JUDGE S MAURICE HICKS, JR** |
| **FOREMOST INSURANCE CO** | | |
| **GRAND RAPIDS MICHIGAN** | : | **MAGISTRATE JUDGE KAY** |

<u>**REPORT AND RECOMMENDATION**</u>

This suit was filed on plaintiff's behalf by the firm McClenny Moseley & Associates, PLLC ("MMA").  Doc. 1.  Plaintiff became a *pro se* litigant by operation of an order of this court styled "Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters" (the "Termination Order").  Doc. 15. The Termination Order set a June 13, 2023, status conference that plaintiff was ordered to attend in person.  The Termination Order additionally cautioned plaintiff  that

> ***Should plaintiff fail to appear for this conference without having retained new counsel or without having sought to dismiss this suit by use of the attachment or otherwise, that failure to appear may result in adverse consequences such as a recommendation by the undersigned to the district court that the case be dismissed for failure of plaintiff to prosecute or abide by court orders.***

*Id.* (emphasis original).

The court held the status conference on June 13, 2023, in the Tom Stagg United States Court House, 300 Fannin Street, Shreveport, Louisiana, in Courtroom 1.  Doc. 16.  Plaintiff did not appear for the status conference as instructed.  *Id.*  Plaintiff has not contacted chambers regarding the case.

Rule 1 of the Federal Rules of Civil Procedure, defining the scope and purpose of the rules governing procedure in civil actions and proceedings, instructs us to construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."   Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021)(discussing *Berry*).   "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

For these reasons, we **RECOMMEND** to the district court that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and abide by the orders of the court.

Under the provisions of 28 U.S.C. §636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 23rd day of June, 2023.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE